United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10240
Summary Calendar

KELLY PATRICK ROCHE,

                                        Plaintiff-Appellee,

versus

CITY OF DALLAS; ET AL.,

                                        Defendants,

SCOTT MATTHEW JAY; RAMON MARTINEZ, JR.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-938-N
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Scott Matthew Jay and Ramon Martinez, Jr. appeal the district court's order denying their motion for summary judgment asserting their right to qualified immunity from suit with regard to Kelly Patrick Roche's civil rights action alleging that Jay and Martinez used excessive force in arresting him for public intoxication without probable cause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jay and Martinez argue that the district court misapplied the qualified-immunity standard by failing to consider whether the summary judgment evidence showed that their actions were based upon the mistaken but reasonable belief that Roche was attempting to escape when he was "pushed" to the ground. They contend that the summary judgment evidence did not show that Martinez had caused injuries to Roche's wrists by placing metal handcuffs on them too tightly. They contend that the summary judgment evidence showed that Roche was visibly intoxicated and they reasonably believed that he was in violation of the law against public intoxication under the circumstances of the arrest. These arguments go to the question whether there were genuine issues of fact for trial and to the reasonableness of Jay's and Martinez's actions, under their own version of the facts. Because the court lacks jurisdiction to consider these issues in an interlocutory appeal, see Reyes v. City of Richmond, Tex., 287 F.3d 346, 350-51 (5th Cir. 2002), the appeal is

DISMISSED.